IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MITCHELL CLIMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CITY OF CHICAGO, | ) |
| a municipal corporation, | ) |
| G. CORONA #8159, | ) |
| S. MARTINEZ #19512, | ) |
| City of Chicago Police Officers, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### Jurisdiction/Venue

1. This incident occurred on or about November 4, 2016, in Chicago, Cook County, Illinois.

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331, and § 1343(a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367(a).

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all of the parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within the district.

### Parties

4. The Plaintiff, Mitchell Climons, is a resident of Cook County, Illinois, located in the Northern District of Illinois.

5. Defendant City of Chicago is a municipal corporation and, at all times relevant to this Complaint, was a principal employer of the Defendant Police Officers G. Corona and S. Martinez, who were acting under color of law and in the scope of their employment with Defendant City of Chicago as duly sworn police officers. These officers will be referred to as the "Defendant Officers" in this Complaint.

Facts

6. On November 4, 2017, the Defendant Officers arrested the Plaintiff without probable cause.

7. Thereafter, the Defendant Officers maliciously and without probable cause caused an indictment to be brought against the Plaintiff charging him with, *inter alia*, manufacture and delivery of heroin, a class X felony, and in the Circuit Court of Cook County, Illinois, thereby subjecting the Plaintiff to a criminal prosecution in the matter of *People of the State of Illinois v. Mitchell Climons*, Case No. 16 CR 17479.

8. The Plaintiff was found not guilty at a bench trial on March 27, 2017.

9. As a result, the above criminal legal proceeding was terminated in a manner consistent with the innocence of the Plaintiff.

10. The Plaintiff wrongfully spent 143 days in custody at the Cook County Jail awaiting trial for these false charges.

11. As a result of the false arrest, malicious prosecution, unlawful pretrial detention, and all of the other aforementioned actions by the Defendant Officers, the Plaintiff suffered damages, including but not limited to incarceration, loss of liberty, severe emotional distress, and pecuniary damages.

### COUNT I 42 U.S.C. § 1983 False Arrest
(Plaintiff against Defendant Officers)

12. Each paragraph of this Complaint is fully restated herein.

13. The Defendant Officers had no probable cause or any other legal justification to arrest the Plaintiff, and in doing so, they violated the Plaintiff's rights under the Fourth Amendment to the United States Constitution.

14. As a result of the actions of the Defendant Officers, the Plaintiff suffered damages, including but not limited to incarceration, a loss of liberty, severe emotional distress, and pecuniary damages.

WHEREFORE, Plaintiff Mitchell Climons demands substantial compensatory damages against the Defendant Officers, plus attorneys' fees and costs, plus, because the Defendant Officers acted maliciously and/or oppressively, substantial punitive damages, and any such other and additional relief as this Court deems equitable and just.

### COUNT II 42 U.S.C. § 1983 Unlawful Pretrial Detention
(Plaintiff against Defendant Officers)

15. Each paragraph of the Complaint is fully restated herein.

16. The Defendant officers caused the commencement of a criminal case against the Plaintiff, falsely, maliciously, and without probable cause.

17. The charges against the Plaintiff were ultimately dismissed, in a manner indicative of his innocence.

18. The probable cause determination in this case was predicated solely on the Defendant Officers' fabrications regarding the Plaintiff's conduct.

19. As a result, the Defendant Officers' false statements proximately caused the Plaintiff to be confined without constitutionally adequate justification.

20. In so doing, they violated the Plaintiff's rights under the Fourth Amendment to the United States Constitution.

21. As a result of the actions of the Defendant Officers, the Plaintiff suffered damages, including but not limited to incarceration, a loss of liberty, severe emotional distress, and pecuniary damages.

WHEREFORE, Plaintiff Mitchell Climons demands substantial compensatory damages against the Defendant Officers, plus attorneys' fees and costs, plus, because the Defendant Officers acted maliciously and/or oppressively, substantial punitive damages, and any such other and additional relief as this Court deems equitable and just.

### COUNT III – STATE LAW CLAIM
### Malicious Prosecution
(Plaintiff against the Defendant Officers, City of Chicago)

22. Each paragraph of this Complaint is restated fully herein.

4

23. As described above, the Defendant Officers, without legal justification or probable cause, caused the Plaintiff to be criminally prosecuted in the Circuit Court of Cook County.

24. As described above, the Plaintiff's case was resolved in his favor, in a manner consistent with his innocence.

25. As a result of this wrongful infringement of the Plaintiff's rights, the Plaintiff suffered damages, including but not limited to incarceration, a loss of liberty, severe emotional distress, and pecuniary damages.

26. The City of Chicago is liable on this claim due to *respondeat superior*.

WHEREFORE, Plaintiff Mitchell Climons demands substantial compensatory damages against the Defendant Officers, plus costs, plus, because the Defendant Officers acted maliciously and/or oppressively, substantial punitive damages against the Defendant Officers, and any such other and additional relief as this Court deems equitable and just.

## COUNT IV – STATE LAW CLAIM
### Indemnification

27. Each paragraph of this Complaint is fully restated herein.

28. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were acting as agents or employees of the Defendant City of Chicago and were working in the course and scope of their employment and under color of law. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

29. The City of Chicago is the indemnifying entity for the actions of the Defendant Officers, who took actions while under color of law and in the course and scope of their employment with the City of Chicago.

## Request for Relief

The Plaintiff respectfully requests that the Court enter judgment in his favor and against the Defendants, award compensatory damages and attorneys' fees and costs against all Defendants, award punitive damages against the Defendant Officers in their individual capacities, and grant any other equitable relief this Court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

                                                Respectfully Submitted,

                                                /s/ Christopher A. Tinsley
                                                One of the Attorneys for
                                                the Plaintiff

Richard Dvorak
Christopher A. Tinsley
Dvorak Law Offices, LLC
6262 Kingery Highway, Suite 305
Willowbrook, IL 60527
(312) 593-7146 (p)
(312) 873-3869 (f)
richard.dvorak@civilrightsdefenders.com