IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **MITCHELL CLIMONS**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17-cv-8826 |
| vs. | ) | |
| | ) | Hon. Manish Shah, |
| **CITY OF CHICAGO**, | ) | Judge Presiding |
| a municipal corporation, | ) | |
| **G. CORONA** #8159, | ) | Hon. Maria Valdez, |
| **S. MARTINEZ** #19512, | ) | Mag. Judge Presiding |
| **JOSEPH WATSON** #15573, | ) | |
| City of Chicago Police Officers, | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

**Jurisdiction/Venue**

1. This arrest of the Plaintiff occurred on or about November 4, 2016, in Chicago, Cook County, Illinois.

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331, and § 1343(a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367(a).

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all of the parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within the district.

1

## Parties

4. The Plaintiff, Mitchell Climons, is a resident of Cook County, Illinois, located in the Northern District of Illinois.

5. Defendant City of Chicago is a municipal corporation and, at all times relevant to this Complaint, was a principal employer of the Defendant Police Officers G. Corona, S. Martinez, and Joseph Watson, who were acting under color of law and in the scope of their employment with Defendant City of Chicago as duly sworn police officers. These officers will be referred to as the "Defendant Officers" in this Complaint.

## Facts

6. Police Reports and later sworn testimony differ with regard to timing of the incident in question. The Defendant Officers falsely claimed in their police reports that they had an interaction with the Plaintiff on September 12, 2016, but later Officers Corona and Watson claimed at trial that the alleged interaction occurred on October 26, 2016.

7. The Defendant Officers falsely claimed in police reports (and later at trial Corona and Watson made the same false claims under oath) that Watson performed a controlled buy of heroin from the Plaintiff, and that Corona and Martinez detained the Plaintiff in the area, whereafter Watson identified the Plaintiff as the person who sold Watson drugs.

8. The aforementioned claims are false. The Plaintiff did not sell Watson, or any other police officer, heroin on either of the dates claimed, nor was he even

detained in the area on either of those dates. In other words, this event was a complete fabrication on the part of the Defendant Officers, made in police reports, and later repeated under oath at trial.

9. On November 4, 2016, Defendant Officers Corona and Martinez arrested the Plaintiff though he had committed no crime, maliciously and without probable cause or other legal justification.

10. Defendant Officer Watson also caused the Plaintiff to be falsely arrested and maliciously prosecuted by falsely claiming and later testifying that the Plaintiff sold him heroin—a claim that Defendant Officers Corona and Martinez knew to be false.

11. Thereafter, the Defendant Officers maliciously and without probable cause made false statements in police reports, and caused an indictment to be brought against the Plaintiff, charging him with, *inter alia*, manufacture and delivery of heroin, a class X felony, thereby subjecting the Plaintiff to a criminal prosecution in the Circuit Court of Cook County, Illinois, in the matter of *People of the State of Illinois v. Mitchell Climons*, Case No. 16 CR 17479.

12. The Plaintiff was found not guilty at a bench trial on March 27, 2017.

13. As a result, the above criminal legal proceeding was terminated in a manner consistent with the innocence of the Plaintiff.

14. The Plaintiff wrongfully spent 143 days in custody at the Cook County Jail awaiting trial for these false charges.

15. As a result of the false arrest, malicious prosecution, unlawful pretrial detention, and all of the other aforementioned actions by the Defendant Officers, the Plaintiff suffered damages, including but not limited to incarceration, loss of liberty, severe emotional distress, and pecuniary damages.

## COUNT I 42 U.S.C. § 1983 False Arrest
(Plaintiff against Defendant Officers)

16. Each paragraph of this Complaint is fully restated herein.

17. The Defendant Officers had no probable cause or any other legal justification to arrest the Plaintiff, or to cause him to be arrested, and in doing so, they violated the Plaintiff's rights under the Fourth Amendment to the United States Constitution.

18. As a result of the actions of the Defendant Officers, the Plaintiff suffered damages, including but not limited to incarceration, a loss of liberty, severe emotional distress, and pecuniary damages.

WHEREFORE, Plaintiff Mitchell Climons demands substantial compensatory damages against the Defendant Officers, plus attorneys' fees and costs, plus, because the Defendant Officers acted maliciously and/or oppressively, substantial punitive damages, and any such other and additional relief as this Court deems equitable and just.

## COUNT II 42 U.S.C. § 1983 Unlawful Pretrial Detention
(Plaintiff against Defendant Officers)

19. Each paragraph of the Complaint is fully restated herein.

20. The Defendant officers caused the commencement of a criminal case against the Plaintiff, falsely, maliciously, and without probable cause.

21. The charges against the Plaintiff were ultimately dismissed, in a manner indicative of his innocence.

22. The probable cause determination in this case was predicated solely on the Defendant Officers' fabrications regarding the Plaintiff's conduct.

23. As a result, the Defendant Officers' false statements proximately caused the Plaintiff to be confined without constitutionally adequate justification.

24. In so doing, they violated the Plaintiff's rights under the Fourth Amendment to the United States Constitution.

25. As a result of the actions of the Defendant Officers, the Plaintiff suffered damages, including but not limited to incarceration, a loss of liberty, severe emotional distress, and pecuniary damages.

WHEREFORE, Plaintiff Mitchell Climons demands substantial compensatory damages against the Defendant Officers, plus attorneys' fees and costs, plus, because the Defendant Officers acted maliciously and/or oppressively, substantial punitive damages, and any such other and additional relief as this Court deems equitable and just.

### COUNT III – STATE LAW CLAIM
### Malicious Prosecution
(Plaintiff against the Defendant Officers and the City of Chicago)

26. Each paragraph of this Complaint is restated fully herein.

27. As described above, the Defendant Officers, without legal justification or probable cause, caused the Plaintiff to be criminally prosecuted in the Circuit Court of Cook County.

28. As described above, the Plaintiff's case was resolved in his favor, in a manner consistent with his innocence.

29. As a result of this wrongful infringement of the Plaintiff's rights, the Plaintiff suffered damages, including but not limited to incarceration, a loss of liberty, severe emotional distress, and pecuniary damages.

30. The City of Chicago is liable on this claim due to *respondeat superior*.

WHEREFORE, Plaintiff Mitchell Climons demands substantial compensatory damages against the Defendant Officers, plus costs, plus, because the Defendant Officers acted maliciously and/or oppressively, substantial punitive damages against the Defendant Officers, and any such other and additional relief as this Court deems equitable and just.

### COUNT IV – STATE LAW CLAIM
### Indemnification

31. Each paragraph of this Complaint is fully restated herein.

32. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were acting as agents or employees of the Defendant City of Chicago and were working in the course and scope of their employment and under color of law. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

6

33. The City of Chicago is the indemnifying entity for the actions of the Defendant Officers, who took actions while under color of law and in the course and scope of their employment with the City of Chicago.

### Request for Relief

The Plaintiff respectfully requests that the Court enter judgment in his favor and against the Defendants, award compensatory damages and attorneys' fees and costs against all Defendants, award punitive damages against the Defendant Officers in their individual capacities, and grant any other equitable relief this Court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

                                              Respectfully Submitted,

                                              /s/ Christopher A. Tinsley
                                              One of the Attorneys for
                                              the Plaintiff

Richard Dvorak
Christopher A. Tinsley
Dvorak Law Offices, LLC
6262 Kingery Highway, Suite 305
Willowbrook, IL 60527
(312) 593-7146 (p)
(312) 873-3869 (f)
richard.dvorak@civilrightsdefenders.com